UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHARON BAHAM

VERSUS

CROWLEY MARITIME CORP., ET AL.

CIVIL ACTION

NO: 20-2726

SECTION: "A" (4)

**ORDER AND REASONS**

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 17)** filed by the defendants, Crowley Maritime Corporation, Intrepid Ship Management, Inc., and Maritime Transport Lines, Inc. The plaintiff, Sharon Baham, opposes the motion. The motion, submitted for consideration on March 17, 2021, is before the Court on the briefs without oral argument.

The plaintiff, Sharon Baham, filed this Jones Act action to recover for injuries that she sustained on December 16, 2018, while working aboard the M/V GOLDEN STATE in Freeport, Bahamas. The plaintiff explains that she was assigned to the vessel as a cook. She was disembarking the vessel in rainy conditions—forced to carry her own luggage down an improperly secured gangway—when she sustained injuries to her left knee and shoulder after twice sliding down that gangway. Plaintiff subsequently underwent knee replacement surgery in New Orleans in October 2020. According to the complaint, Plaintiff is domiciled in Slidell, Louisiana. (Rec. Doc. 1 at 1). Plaintiff is seeking to recover $3 million dollars from Defendants.

It is undisputed that all three defendants in this case are Delaware corporations with their principal places of business located in Jacksonville, Florida. Given that none of the acts or omissions contributing to Plaintiff's injury occurred in Louisiana, Defendants now

1

move to dismiss the complaint for lack of personal jurisdiction, and alternatively to dismiss for failure to effect proper service. Defendants point out that this case has no relationship to Louisiana aside from the plaintiff's residence here thereby eliminating the possibility of specific personal jurisdiction. Furthermore, Defendants contend that they lack the requisite contacts with Louisiana so as to allow a court in this state to exercise general personal jurisdiction over them.

The determinative question before the Court is whether the plaintiff has made a prima facie showing that exercising personal jurisdiction over Defendants comports with the due process clause of the Fourteenth Amendment. *See Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (recognizing that prima facie is the proper showing in a no hearing situation); *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 786 (5th Cir. 1990) (recognizing that Louisiana's long-arm statute permits service of process coterminous with the scope of the due process clause). To determine whether the plaintiff has made the requisite showing the district court considers the allegations in the pleadings as well as "the contents of the record at the time of the motion." *Frank v. P N K (Lake Charles), LLC*, 947 F.3d 331, 336 (5th Cir. 2020) (quoting *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 96, 101 (5th Cir. 2018)).

To determine whether exercising personal jurisdiction comports with due process the court considers whether the plaintiff has demonstrated that the minimum contacts necessary to confer either general or personal jurisdiction are present. *See Libersat v. Sundance Energy, Inc.*, No. 20-30121, -- F.3d -- 2020 WL 6265864, at *2 (5th Cir. Oct. 26, 2020) (citing *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)).

Plaintiff does not maintain that general personal jurisdiction is satisfied in this case so the Court confines its analysis to specific personal jurisdiction.

Courts employ a three-step analysis when considering whether specific jurisdiction is

2

proper: (1) whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; **(2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts;** and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Libersat*, 2020 WL 6265864, at *2 (emphasis added) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). Specific jurisdiction is also referred to as "case-linked jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 284 n.6 (2014) (citing *Goodyear*, 564 U.S. at 919). The specific jurisdiction inquiry focuses on "the relationship among the defendant, the forum, and the litigation." *Walden*, 571 U.S. at 284 (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 775 (1984)). For a state to exercise specific personal jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum state. *Id.* Importantly, the relationship must arise out of contacts that the "defendant *himself* " creates with the forum state not simply with persons who reside there. *Walden*, 571 U.S. at 284-85 (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985)). The convenience of the plaintiff and his contacts with the forum state are not factors in the defendant-focused due process determination. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417 (1984)).

  The Court now turns to the jurisdictional contacts at issue in this case.

  Plaintiff has not made a prima facie showing that Defendants are subject to specific jurisdiction in Louisiana for the incident at issue here, which occurred outside of Louisiana. Personal jurisdiction, including the specific variety, must be based on the *defendant's* activities in Louisiana not the plaintiff's. That the plaintiff underwent surgery in her home state and resides here do not reflect any suit-related conduct directed at this state by the

defendants.

In her opposition, Plaintiff points out that her financial injuries related to maintenance and cure are due to Defendants having failed to properly handle her maintenance and cure claim, and having failed to conduct a proper investigation into her claim. But as Defendants point out, even if these acts and omissions did occur, they did not take place in Louisiana because Defendants are not located in this state. Under the plaintiff's theory of specific jurisdiction Defendants would be subject to suit wherever she elected to obtain treatment and to convalesce, which has no connection to their purposeful activities.

Furthermore, Plaintiff did not raise any opposition to Defendants' motion to dismiss for insufficient service of process.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 17)** filed by the defendants, Crowley Maritime Corporation, Intrepid Ship Management, Inc., and Maritime Transport Lines, Inc. is **GRANTED**. The complaint is dismissed without prejudice.

March 24, 2021

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE